**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARL GILLARD, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| CHICAGO POLICE OFFICERS | ) |
| | ) |
| LOU LAURENZANA | ) |
| JENNY MOLDA | ) |

**COMPLAINT**

Now comes Plaintiff, ("Plaintiff"), CARL GILLARD,  by and through his

attorney, Stephen L. Richards, and makes the following complaint against  Defendant CITY OF

CHICAGO ("Defendant City") and CHICAGO POLICE OFFICERS  LOU LAURENZANO

and  JENNY MOLDA and states as follows:

**JURISDICTION and VENUE**

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation

     under color of law of Plaintiff's rights as secured by the United States

     Constitution.

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343

     and 1367.

3.  Venue is proper under 28 U.S.C. § 1391(b).  Defendants reside in this judicial

     district and the events giving rise to the claims asserted in this complaint

     occurred within this district.

**PARTIES**

4.  At all times relevant hereto, Plaintiff  Carl J. Gillard  was a  40 year-old, male
    resident of Chicago.

5.  Defendant Officers were at all relevant times  employed by the City of  Chicago
    and acting within the scope of their
    employment and under color of law.

6.  Defendant City of  Chicago is a municipal corporation, duly incorporated under
    the laws of the State of  Illinois, and is the employer and principal of the
    Defendant  Officers.

**FACTUAL ALLEGATIONS**

7.  On  March 11, 2010,  at around  6:10  p.m., Plaintiff was driving a  2007 Chevy
    Impala OT along south State street, at approximately the 6300 south State, Street
    in Chicago, Illinois.

8.  At this time and at all times relevant hereto, Plaintiff was acting fully in
    conformity with all laws, statutes, and ordinances of the United States, the
    State of Illinois, and the City of Chicago.

9.  At this time Defendant Officers stopped the car in which Plaintiff was driving.

10. The officers did not have probable cause or reasonable suspicion for the stop.

11. Following the stop, the officers asked Plaintiff, for license, registration, and proof
    of insurance.

12. Plaintiff produced a valid license, registration, and proof of insurance.

13. Without an arrest warrant, a search warrant, and without exigent circumstances, defendant officers then searched plaintiff's car.

14. Defendant Officers then transported Plaintiff to Cook County Jail where he was charged with possession of a controlled substance.

15. Plaintiff was held in custody on these charges in Cook County jail until June 24, 2010.

16. On June 24, 2010, plaintiff's motion to quash and suppress evidence was granted, and the States Attorney of Cook County entered a nolle prosse on all charges.

**Count I – 42 U.S.C. § 1983 False Arrest**

17. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

18. On March 11, 2010, Plaintiff was stopped and seized without a warrant, without probable cause, and without reasonable suspicion. This seizure and arrest were in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

19. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

20. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the

Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count II – 42 U.S.C. § 1983 Unlawful Search

21. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

22. Defendant Officers searched Plaintiff's person and his car without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

23. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count III –State Law Claims Against Defendant City

### *Respondeat Superior* and Indemnification

24. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

25. Illinois law provides that public entities, such as Defendant City, are directed

to pay any compensatory damages on a tort judgment against an employee

who was acting within the scope of his or her employment.

26. At all relevant times, Defendant Officers were agents of Defendant City of Chicago and

 of the Chicago  Police Department acting within the scope of their employment. Defendant City,

therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just

amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks

costs and reasonable attorney fees, and all such other relief as this Court finds just and

equitable.

CARL GILLARD

Plaintiff,     /s/

By: Stephen L. Richards
651 W. Washington Suite 205
Chicago, IL 60661
773-817-6927
Sricha5461@aol.com
Attorney No: 6191946